UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. MAYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-cv-00651-JPH-MPB |
| | ) |
| GEO GROUP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Indiana inmate James Mays brings this 42 U.S.C. § 1983 action alleging that the defendants have been deliberately indifferent to his injured finger. Because Mr. Mays is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a

"less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Consistent with the above standards, the Court presents the allegations in Mr. Mays's complaint as true.

Mr. Mays sues nine defendants: (1) GEO Group, Inc; (2) Wexford of Indiana; (3) Centurion Health; (4) Dr. Erick Falconer; (5) Dr. John Nwannunu; (6) Hannah Winningham; (7) Sergeant Shannon Heady; (8) Nurse Practitioner ("NP") Dianna Johnson; and (9) Dr. Riley. He seeks damages and injunctive relief.

Mr. Mays injured his finger at New Castle Correctional Facility on March 25, 2020. GEO Group runs New Castle under a contract with the Indiana Department of Correction. Wexford contracted to provide medical care to New Castle inmates through June 30, 2021, when Centurion took over the contract.

Mr. Mays brought an incident report to the medical department to report the injury, but Sergeant Heady took the incident report and told him to leave. Mr. Mays had to turn in a healthcare request form to receive treatment. According to Mr. Mays, this was a violation of GEO Group's policy of not making health care treatment decisions.

Dr. Falconer treated Mr. Mays less than two weeks later, on April 7, 2020. Dr. Falconer reviewed x-ray results, diagnosed Mr. Mays with a "slight infection," and ordered antibiotics. According to Mr. Mays, the x-ray results raised concerns about osteomyelitis.

Dr. Falconer treated Mr. Mays again on April 30, 2020. By now, the finger had a pus formation, but Dr. Falconer did not drain it. Instead, he ordered more antibiotics.

Dr. Nwannunu treated Mr. Mays on June 8, 2020. He reported that nothing was wrong with the finger and that it would heal within a year, though with some deformation. Dr. Nwannunu also suggested the finger might be sprained. Dr. Nwannunu told Mr. Mays that the finger was not infected, and he did not order antibiotics.

Dr. Falconer treated Mr. Mays on June 23, 2020, and told him that there was nothing wrong with the finger and that it would heal in time, though Mr. Mays would always have a lateral deviation. Dr. Falconer explained that Wexford has an approved list of medications and treatments, and anything not on the list is almost never approved. Dr. Falconer ordered more x-rays and a blood test.

NP Johnson treated Mr. Mays on July 9, 2020, and told him that the x-rays revealed no fractures. She did not mention any infection or lateral deviation in the x-ray results, but she ordered more antibiotics.

Dr. Falconer treated Mr. Mays again on July 16, 2020, and again said nothing was wrong with the finger.

NP Johnson treated Mr. Mays on April 23, 2021. She ordered finger exercises and more antibiotics. There was an issue fulfilling the prescription, so she re-ordered the antibiotics on May 25, 2021.

NP Johnson treated Mr. Mays on June 8, 2021. She noted no improvement despite treatment with antibiotics and oral steroids. NP Johnson issued a referral to Dr. Falconer, but Dr. Falconer did not schedule an appointment and instead ordered an MRI.

Dr. Nwannunu treated Mr. Mays on September 20, 2021. He noted swelling and residual deformity but did not mention any infection. He issued a request for Mr. Mays to see an outside specialist and recommended that Mr. Mays buy pain relief medication from commissary.

Mr. Mays received an MRI on October 27, 2021, and saw an outside specialist on December 1, 2021. The specialist reported that the MRI was unreadable and recommended new MRI and x-ray scans. However, Dr. Riley—who is Centurion's regional medical director in Indiana—denied any further requests for off-site medical care.

Ms. Winninham is a grievance specialist at New Castle. Mr. Mays wrote grievances about his inadequate medical care, but Ms. Winninham improperly denied and rejected them.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

#### A. Claims to Be Dismissed

Mr. Mays's claim against Sergeant Heady is **DISMISSED for failure to state a claim upon which relief may be granted**. To succeed on an Eighth Amendment claim against Sergeant Heady, Mr. Mays would need to show that Sergeant Heady "was subjectively aware of, and knowingly disregarded, an objectively serious injury that posed an excessive risk to his health." *Jellis v. Hullick*, 422 F. App'x 548, 549−50 (7th Cir. 2011); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Some injuries obviously call out for immediate medical attention, even to a layperson. *See Jellis*, 422 F. App'x at 550 (collecting cases). But Mr. Mays has provided no details about his finger injury that would have alerted an officer to the need for immediate medical care. The Court therefore cannot reasonably infer that Sergeant Heady was deliberately indifferent by requiring Mr. Mays to seek such care through non-emergency channels.

Mr. Mays's claim against GEO Group is also **DISMISSED for failure to state a claim upon which relief may be granted**. As a private company acting under color of state law, GEO Group is a "person" subject to suit under § 1983, but only if it caused a constitutional violation

through its own actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). To state a claim against GEO Group, then, Mr. Mays must identify a company "action"—usually an "official policy, custom, or practice"—that caused a violation of his Eighth Amendment rights. *Dean*, 18 F.4th at 237. He has failed to do so here. Mr. Mays alleges that "GEO Group, Inc.['s] . . . policies, practices, or customs caused 'the constitutional violations' alleged in the complaint." Dkt. 1 at 19. But he fails to identify any such policy, practice, or custom. He also alleges that Sergeant Heady's actions violated GEO Group's policy, but that cannot be the basis for GEO Group's liability. The policy itself must have caused his constitutional injury. *Dean*, 18 F.4th at 239 ("[Plaintiff] must show that [the policy] itself—not simply the actions of the employees administering it—directly caused his constitutional deprivation.").

**B.  Claims to Proceed**

Mr. Mays has adequately pled Eighth Amendment deliberate indifference claims against Dr. Falconer, Dr. Nwannunu, Ms. Winningham; NP Johnson, and Dr. Riley. He has also adequately pled Eighth Amendment *Monell* claims against Wexford and Centurion. These claims all **SHALL PROCEED**.

**IV. Service of Process**

The **clerk is directed** to terminate Shannon Heady and GEO Group, Inc., as defendants on the docket.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dr. Falconer, Dr. Nwannunu, Ms. Winningham, NP Johnson, Dr. Riley, Centurion Health, and Wexford of Indiana in the manner specified by Rule 4(d). Process shall consist of the complaint,

dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve defendants Wexford of Indiana, LLC, Centurion Health, Dr. Falconer, Dr. Nwannunu, NP Johnson, and Dr. Riley electronically.

Defendants Dr. Falconer, Dr. Nwannunu, and NP Johnson are identified as current or former employees of Centurion Health. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 9/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES E. MAYS
885409
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Hannah Winningham
Grievance Specialist
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Electronic service to Wexford of Indiana, LLC

Electronic service to Centurion defendants:
    Centurion Health
    Dr. Erick Falconer
    Dr. John Nwannunu
    Nurse Practitioner Dianna Johnson
    Dr. Riley, Regional Medical Director