UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES E. MAYS,                                )
        Plaintiff,                          )
                                 )     CASE NO. 1:22-cv-00651-JPH-MPB
vs.                                          )
                                 )
WEXFORD OF INDIANA, et al.,                   )
        Defendants.                         )

**ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES
OF DEFENDANT, HANNAH WINNINGHAM**

COMES NOW the Defendant, Hannah Winningham (hereinafter "Defendant"), by

counsel, Adam G. Forrest, and for her Answer to Plaintiff's Complaint, states as follows:

**A.**    **PARTIES**

    #    Defendant admits.

    1.    Defendant Winningham admits that she has been identified as a Defendant in this

case but denies any wrongdoing or liability on her part as related to any and all of the Plaintiff's

claims and allegations.  Defendant lacks knowledge or information sufficient to form a belief as

the truth of the identity of any and all other named Defendants.

**B.**    **STATEMENT OF CLAIM**

    1.    Defendant denies.

    2.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the general allegations contained herein but denies to the extent any such allegation is

directed to her.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the general allegations contained herein but denies to the extent any such allegation is directed to her.

4.      Defendant admits that the Plaintiff was an inmate at the NCCF but lacks knowledge or information sufficient to form a belief as to the truth of the general allegations contained herein but denies to the extent any such allegation is directed to her.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the general allegations contained herein but denies to the extent any such allegation is directed to her.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the general allegations contained herein but denies to the extent any such allegation is directed to her.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the general allegations contained herein but denies to the extent any such allegation is directed to her.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the general allegations contained herein but denies to the extent any such allegation is directed to her.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the general allegations contained herein but denies to the extent any such allegation is directed to her.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the general allegations contained herein but denies to the extent any such allegation is directed to her.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the general allegations contained herein but denies to the extent any such allegation is directed to her.

12.     Defendant admits that she was an employee of The GEO Group, Inc., and served as the Grievance Specialist at the NCCF during most, if not all, times relevant to the Plaintiff's claims; however, she denies any and all other allegations contained herein.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the general allegations contained herein but denies to the extent any such allegation is directed to her.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the general allegations contained herein but denies to the extent any such allegation is directed to her.

## C.     JURISDICTION

Defendant admits that the Plaintiff has filed suit, referencing certain statutory provisions, but the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that this Court has jurisdiction of the matter in light of the potential applicability of the Prison Litigation Reform Act (PLRA) as an affirmative defense herein.

## D.     RELIEF WANTED

Defendant denies that the Plaintiff is entitled to any relief requested in paragraphs 1-8.

E.      **JURY DEMAND**

Defendant admits that the Plaintiff has requested a jury trial on all issues so triable.

WHEREFORE, the Defendant, Hannah Winningham, by counsel, Adam G. Forrest, respectfully requests that the Plaintiff, James E. Mays, take nothing by way of his Complaint; that judgment be entered in the Defendant's favor; that Defendant be awarded her costs incurred in defending this action; and, that the Court grant all other relief deemed just and proper in the premises.

### STATEMENT OF AFFIRMATIVE DEFENSES

COMES NOW the Defendant, Hannah Winningham (hereinafter "Defendant"), by counsel, Adam G. Forrest, and for her Affirmative Defenses to the Plaintiff's Complaint, states and alleges as follows:

1.      The actions of the Defendant were not the proximate cause of any harm, injury, or damage to the Plaintiff through her role as a grievance specialist at the New Castle Correctional Facility as the actions she took were as related to the Plaintiff followed IDOC grievance policy.

2.      The Defendant was not deliberately indifferent to any medical need of the Plaintiff as she is neither medically trained nor a medical provider and her through her employment has no contractual or other obligation to provide such care to the Plaintiff.

3.      The Defendant was not personally involved in any medical care or lack thereof as related to the Plaintiff; instead, she administered his grievances about those and other issues he raised in according with the IDOC grievance policy.

4.      Any and all action(s) taken by the Defendant were reasonably related to a legitimate, penological interest involved in the incarceration of offenders at the New Castle

Correctional Facility so as to maintain the safety of offenders, staff, contractors, and other visitors of that Facility.

5.      The Defendant, as a non-medical provider or contractor in the prison setting, was entitled to defer to the professional judgment of medical providers or contractors in the prison setting with respect to all medical care decisions, including, but not limited to, placement, diagnosis and treatments, and, as such, has no duty or liability with respect to the same as alleged by the Plaintiff.

6.      The Plaintiff may have failed to mitigate his injuries and/or damages due to his own actions related to conduct, treatment, and other factors.

7.      The Plaintiff's alleged harm, injury, and damage may have been proximately caused by the superseding and/or intervening acts or omissions of other parties, persons, or entities over whom this Defendant has no right of control and for whose actions this Defendant is not liable.

8.      The Plaintiff may have failed to exhaust all of his administrative remedies as may have been required by the Prison Litigation Reform Act.  The Plaintiff has filed fourteen (14) grievances related to his conditions of confinement and although it appears that that only two (2) were appealed, thereby being administratively exhausted, they are all hand-written, lengthy documents that are still being reviewed by the Defendant, other employees of The GEO Group, Inc., and counsel for the Defendant, in an effort to determine if this affirmative defense should be pursued.  As such, the Defendant seeks a reasonable amount of time to finalize this review of grievance records before determining whether to pursue this affirmative defense.

9.      The Defendant incorporates by reference herein any and all Affirmative Defenses raised by any Co-Defendant(s) herein and adopt the same as her own, except for any related the Prisoner Litigation Reform Act.

10.     The Defendant hereby reserves the right to supplement and amend her Statement of Affirmative Defenses as discovery in this matter is ongoing.

WHEREFORE, the Defendant, Hannah Winningham, by counsel, Adam G. Forrest, respectfully prays that this Court enter judgment in her favor and against the Plaintiff; that the Plaintiff take nothing by way of his Complaint; that the Defendant be awarded her costs arising from this lawsuit; and, that the Defendant be granted all other relief deemed just and proper in the premises.

Respectfully submitted,


By:   /s/ Adam G. Forrest
          Adam G. Forrest, Atty. No. 23920-89
          BBFCS ATTORNEYS
          27 North 8th Street
          Richmond, IN   47374
          Telephone: (765) 962-7527
          Facsimile: (765) 966-4597
          aforrest@bbfcslaw.com
          *Attorneys for Defendant, Hannah Winningham*

6

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2022, I electronically filed the

foregoing Answer and Statement of Affirmative Defenses with the Clerk of the Court using the

CM/ECF system.  Notice of this filing will be sent to the following parties by operation of the

Court's electronic filing system.  Parties may access this filing through the Court's system.

> Jeb A. Crandall – jeb@bleekedilloncrandall.com
> Christopher A. Farrington - drew@bleekedilloncrandall.com
> Rachel D. Johnson – Rachel.Johnson@skofirm.com
> Douglass R. Bitner – Doug.Bitner@skofirm.com

Further, I hereby certify that I have provided a copy of the foregoing to the following

non-CM/ECF participant via United States Mail, first-class, postage prepaid, on this 15th day of

November, 2022:

> James E. Mays (DOC#885409)
> NEW CASTLE – CF
> NEW CASTLE CORRECTIONAL
> FACILITY – Inmate Mail/Parcels
> 1000 Van Nuys Road
> New Castle, IN  47362

By _____/s/ Adam G. Forrest_____
        Adam G. Forrest

7