UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES E. MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00651-JPH-MPB |
| | ) | |
| CENTURION HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SETTING PRETRIAL SCHEDULE
AND DISCUSSING DISCOVERY IN PRISONER LITIGATION**

This Order sets the schedule for how this action shall proceed. Part I sets forth the pretrial deadlines. Part II discusses various aspects of discovery. Facilitating the discovery process can be difficult, and this Order is issued in an effort to help explain and streamline the process for the parties. The parties should carefully read this Order.

**I.
Pretrial Schedule**

This action shall proceed in accordance with the following schedule:

**A. Initial Disclosures: February 21, 2023**

The following disclosures must be given to the opposing party, not filed with the Court.

<u>The plaintiff shall provide the following to the defendants</u>:

- Witnesses: The names of the persons with knowledge of the relevant incidents whom the plaintiff may use to support their claims, along with a short description of what each person knows.

- Documents: Copies of documents the plaintiff possesses which the plaintiff may use to support their claims.

- Damages: A statement of the injuries the plaintiff suffered and the relief the plaintiff seeks.

The defendants shall provide the following to the plaintiff:

- Witnesses: The names and working addresses of the persons with knowledge of the relevant incidents whom the defendants may use to support their defense, along with a short description of what each person knows.
- Medical Records: The plaintiff's relevant medical records, including any healthcare requests.
- Grievances: All grievances filed by the plaintiff related to their allegations, including the responses to those grievances.
- Documents: All documents, whether paper or electronically stored, related to the plaintiff's allegations, including, but not limited to, incident reports, investigation reports, and requests for interviews.
- Written Communications: All written and electronic communications related to the plaintiff's allegations, including, but not limited to, emails to or from the defendants.
- Video Evidence: Any photographic, audio, or video recordings related to the plaintiff's allegations.
- The parties are under a continuing obligation to supplement or correct the ordered disclosures as well as any discovery responses. Fed. R. Civ. P. 26(e). This means the parties must update the information they have provided as additional information becomes available.

B. **Amend Pleadings: March 13, 2023**

Any party who wants to amend its Complaint, Answer, or other pleading must file a motion for leave to amend with the proposed amended pleading attached by the above deadline. This includes adding new parties to the suit. If the plaintiff seeks to amend their Complaint, the proposed Amended Complaint must contain all claims against all defendants and stand complete on its own. The proposed Amended Complaint, if accepted, will replace the prior Complaint in its entirety. The motion for leave to file an Amended Complaint must explain how the Amended Complaint differs from the most recently filed Complaint.

C. **Settlement Demand: March 22, 2023**

The plaintiff shall serve on the defendants a settlement demand, explaining on what terms or amount of money the plaintiff would agree to resolve this case without further litigation. The defendants must respond in writing within 30 days of the receipt of the demand. Neither the plaintiff's demand nor the defendants' response shall be filed with the Court.

D. **Expert Witnesses: April 24, 2023**

Each party must tell the other parties if it intends to use any testimony by expert witnesses. At this time, if a party intends to use an expert, it must provide the other parties with the expert's name, address, and vita (this document typically includes the expert's education, experience, and publications). The other parties must give notice if they will offer any rebuttal expert within 30 days. The parties must also comply with Federal Rule of Civil Procedure 26(a)(2).

E. **Settlement Conference Notice: May 22, 2023**

Each party must file a notice with the Court stating whether it believes a settlement conference with the Magistrate Judge would be beneficial in resolving the action. This notice should not contain any information regarding settlement discussions between the parties, but should simply state whether or not the party wishes to have a formal settlement conference. This notice should not be a motion; it should be entitled, "Notice Regarding Settlement Conference." The defendants shall also state whether they intend to file a summary judgment motion.

F. **Discovery: June 22, 2023**

The parties shall complete written discovery and discovery depositions pursuant to Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure. This means discovery must be served 30 days before the deadline to allow time for a response.

G. **Motions for Summary Judgment: July 24, 2023**

Any party who believes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, and thus the case does not need to go to trial, must file its motion under Federal Rule of Civil Procedure 56 and Local Rule 56-1. Any video manually filed in support of or opposition to a motion for summary judgment must be in MP4, WMV, MOV, or AVI format. References to exhibits submitted in support of the motion for summary judgment must not be to the BATES label, but should be to the page number (or paragraph number, as appropriate).

H. **Trial Date: Not currently scheduled**

If the case is not resolved by settlement, motion, or other ruling, the Court will set a trial date.

# II.
# Discovery

This case is entering the discovery phase, which means each party should be seeking admissible evidence to support the party's claims or defenses and preparing its case for trial. The parties should consider the following guidance and requirements before proceeding with discovery in this action.

**Extensions of Time:** It is the Court's expectation that any request for an extension of time will be filed at least three business days before the deadline to allow the Court time to consider the motion before the deadline expires.

**Discovery Generally:** Federal Rules of Civil Procedure 26 through 37 govern discovery generally. Federal Rule of Civil Procedure 45 governs discovery from nonparties. The plaintiff's incarceration may make discovery difficult in some respects, but written discovery can be conducted with relative ease in many cases. Written discovery to the defendants includes requests for the production of documents (Fed. R. Civ. P. 34), interrogatories (written questions) (Fed. R. Civ. P. 33), and requests for admission (Fed. R. Civ. P. 36). In general, the Federal Rules give 30 days for a party to respond to discovery requests. Discovery requests and responses are not filed with the Court, unless in support of or in opposition to a motion, or as otherwise directed by the Court.

**Depositions:** The defendants' oral depositions are limited to the deposition of the plaintiff, subject to a motion by the defendants to take additional depositions. Leave of Court is required to depose an incarcerated individual. Fed. R. Civ. P. 30(a)(2)(B). If the defendants seek to take additional depositions, they must arrange for the plaintiff to participate in the deposition by phone or video, or to arrange for the plaintiff to participate through written questions under Federal Rule of Civil Procedure 30(c)(3). The plaintiff is not entitled to a free transcript of their deposition.

However, the defendants must attach the plaintiff's entire deposition transcript to a summary judgment motion if the defendants rely on any part of the plaintiff's deposition testimony in their motion.

**Objection for Security Reasons:** If defendants object to a required initial disclosure or a discovery request for security reasons, the defendants must file a motion for a protective order and/or a motion for an *in camera* inspection. The motion must explain the basis of the security concern in as much detail as possible. Broad or conclusory statements regarding security are insufficient. *See, e.g.*, *Johnson v. Brown*, 681 F. App'x 494, 496 (7th Cir. 2017); *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). The motion is due within the deadline for responding to the discovery request.

**Nonparty Subpoenas:** The parties are responsible for obtaining and serving their own subpoenas to obtain information from nonparties. Subpoenas should not be served on parties. If the plaintiff seeks a subpoena, the plaintiff must file a motion requesting the issuance of a subpoena. The plaintiff is responsible for serving the subpoena and complying with Federal Rule of Civil Procedure 45. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (noting that a subpoena seeking documents may be served by certified mail).

**Motions to Compel:** A motion to compel cannot be filed until a party has failed to adequately respond to a discovery request and until the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Motions to compel must be filed within 60 days of receipt of the inadequate discovery response or deadline to respond if no response was provided. Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response. The party filing the motion must explain exactly what information they seek and why

the response was inadequate. Motions to compel must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

**IT IS SO ORDERED.**

Date: December 22, 2022

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JAMES E. MAYS
885409
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362